**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GREAT LAKES WATER AUTHORITY,

    Plaintiff,

v.                                                                                          Case No. 16-14180

PETRO ENVIRONMENTAL TECHNOLOGIES,
INC., et al.,

    Defendants.

**OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Before the court in this breach of contract case is a motion for summary judgment filed by all Defendants. (Dkt. # 16-14180.) The motion is fully briefed and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the court determines that Plaintiff's claims are time-barred. Defendants' motion must be granted.

**I. BACKGROUND**

The following facts are undisputed unless otherwise noted. Plaintiff Great Lakes Water Authority is a municipal corporation that operates and controls both the water supply and sewage disposal systems of the City of Detroit. (Dkt. # 1, Pg. ID 4.) The Detroit Water and Sewerage Department ("DWSD") operated these systems until the Plaintiff and the City entered into a "Regional Sewer Disposal Lease" on June 12, 2015, authorizing Plaintiff to "administer and enforce DWSD's approved industrial pretreatment program and to carry out DWSD's rights and obligations as the Control

Authority[.]" (Dkt. # 13-1.) As part of the lease agreement, GLWA adopted the pollution surcharge system established by DWSD as required by the Clean Water Act, 33 U.S.C. 1284(b). (Dkt. # 13-1.)

Defendant Petro Environmental Technologies, Inc. ("Petro Inc.") established a pollution surcharge account with DWSD as part of a contract with the South Macomb Disposal Authority ("SMDA"), relating to cleanup efforts at "landfill sites 9 and 9A." (Dkt. # 9, Pg. ID 73.) Petro Inc. last received an invoice from DWSD for this account on or around September 15, 2010. (Dkt. # 10, PG. ID 89.)

Shortly after, SMDA filed a lawsuit against Petro Inc. and others in the Eastern District of Michigan. *See South Macomb Disposal Authority v. Model Development, LLC*, Case No. 11-cv-12715 (E.D. Mich. June 22, 2011). In its amended complaint, SMDA alleged that Petro Inc. received an insurance payment for the final invoice on the surcharge account and was obliged to turn that money over to SMDA, but retained it instead. (*See* Dkt. # 10-3.) Petro Inc. and SMDA settled in September of 2013. (Dkt. # 13-4.)

The parties agree that the unpaid invoices form the basis of Plaintiff's claims and part of the the SDMA lawsuit. (*See* Dkt. # 13, Pg. ID 111.) Defendants contend that any payment due on the pollution surcharge account is owed by SMDA, against which they have filed a third-party complaint. (Dkt. # 7.) However, in the instant motion Defendants primarily argue that any claim Plaintiff may have against them relating to the pollution surcharge account is time-barred. (Dkt. # 10, Pg. ID 75.)

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]hat burden may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (internal quotation marks omitted).

The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986). In evaluating a summary judgment motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . . credibility judgments and weighing of the evidence are prohibited." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (internal quotation marks and citations omitted).

### III. DISCUSSION

The central question before the court is whether Plaintiff's contract claims are time-barred. The parties agree that Michigan's six-year statute of limitations governs here. (*See* Dkt. # 9, Pg. ID 80 (citing Mich. Comp. Laws § 600.5807(8)); Dkt. # 13, Pg.

ID 111.) Plaintiff filed its complaint on November 29, 2016. (*See* Dkt. # 1.) Defendants argue that the statute of limitations began to run, at the latest, on September 15, 2010—the date of the last DWSD invoice claiming an arrearage. (Dkt. # 9, Pg. ID 80.) Plaintiff responds that the statute began to run either after the conclusion of the SMDA litigation or, alternatively, that the statute was tolled during that litigation. (Dkt. # 13, Pg. ID 111-12.)

As provided in the relevant statute, Mich. Comp. Laws § 600.5807, the limitations period begins once the cause of action for breach of contract "accrues." In Michigan, actions of this kind accrue "at the time of the asserted breach of contract." *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1133 (6th Cir. 1995) (quoting *Huhtala v. Travelers Ins. Co.*, 257 N.W.2d 640, 646 (Mich. 1977)). The breach alleged here was Defendants' failure to pay the amount due, and since there is no dispute that the due date stated on the last invoice was September 15, 2010, Defendants argue persuasively that the breach occurred—and the claim accrued—that day. The court agrees.

Plaintiff argues in opposition first that the statute of limitations did not begin to run until after the SDMA litigation, because "the balance owed on Defendants' pollutant surcharge account was not determined until the conclusion of the SDMA Lawsuit." (Dkt. # 13, Pg. ID 111.) Plaintiff avers that as part of the settlement, SMDA and Defendants agreed that $185,454.35 was the correct amount owed on the pollutant surcharge account—though Defendants dispute this characterization. (*Id.*) According to Plaintiff, "[t]he pollutant surcharge account was an open account until the conclusion of the SDMA Lawsuit[,] at which time Plaintiff converted the account into an account stated

4

based upon the parties agreement." (*Id.*) In effect, Plaintiff argues that the limitations period on its account stated claim did not begin to run until the settlement agreement.

Under Michigan law, an account stated "is a contract based on assent to an agreed balance, and it is an evidentiary admission by the parties of the facts asserted in the computation and of the promise by the debtor to pay the amount due." *Fisher Sand and Gravel Co. v. Neal A. Sweebe, Inc.*, 837 N.W.2d 244, 252-53 (Mich. 2013). In *Fisher Sand and Gravel*, the Michigan Supreme Court explained the nature of an action on an account stated as follows:

> If a claimant renders an account and it is assented to as correct by the other party with an express or implied promise to pay, an action may be maintained on the promise. The account stated is a new, independent cause of action superseding and merging the antecedent causes of action represented by the particular items included in the computation.

*Id.* at 253 (quoting 13 Corbin, Contracts (rev. ed.), § 72.4, pp. 466-67) (emphasis removed). An account stated, in some cases, may be inferred by a party's failure to object within a reasonable time of receiving an account. *Id.*

However, "[a]n account stated, like all contracts, requires mutual assent." *Id.* at 252-53 ("Specifically, '[a]n account stated requires the manifestation of assent by both parties to the correctness of the statement of the account between them.'") (quoting 13 Corbin, Contracts (rev. ed.), § 72.1(3), p. 457). Plaintiff does not explain how a settlement agreement to which it was not a party as part of a lawsuit in which it was not involved satisfies the mutual assent requirement.

Plaintiff also argues that "any applicable statute of limitations . . . was tolled by the SMDA lawsuit." (Dkt. # 13, Pg. ID 112.) In support, Plaintiff relies on Mich. Comp. Laws § 600.5856, which provides for tolling "[a]t the time jurisdiction over the defendant is otherwise acquired." Mich. Comp. Laws § 600.5856(b). Plaintiff correctly observes

5

that that Michigan courts have applied section 600.5856 when a party files a lawsuit after the limitation period has run and seeks to toll the time elapsed during a prior lawsuit against the same defendant. (Dkt. # 13, Pg. ID 112.)

However, the statute applies only when the prior lawsuit is between the same parties and involves the same cause of action. Plaintiff's own cited cases demonstrate this limitation. *See Terrace Land Dev. Corp. v. Seeligson & Jordan*, 250 Mich. App. 452 (2002) ("[W]here a party, for the first time, files suit against a defendant, the limitation period is measured at the time the complaint was filed . . . . [§ 600.5856] comes into play where a party files suit beyond the limitation period and seeks to toll the time that elapsed during a previously dismissed lawsuit against the same defendant[.]"); *Great Lakes Gas Transmission Co. v. State Treasurer*, 140 Mich. App. 635, 649 (1985) (prior lawsuits *between parties* will toll the running of the period of limitation where the prior lawsuit involves the same cause of action.") (emphasis added). Neither Plaintiff nor DWSD were a party to the SMDA lawsuit. Plaintiff provides no case in which a Michigan court has tolled the statute of limitations under § 600.5856 in light of previous litigation to which the plaintiff seeking tolling was not a party.

Finally, Plaintiff avers that it "was a third-party beneficiary to the SDMA Lawsuit and the settlement reached in the SDMA Lawsuit." (Dkt. # 13, Pg. ID 112.) Even assuming this were correct, Plaintiff does not explain how it would be relevant to the statute of limitations. Plaintiff's complaint does not allege breach of contract as a third-party beneficiary to the SMDA settlement—in fact, the complaint does not mention the SMDA lawsuit or settlement at all. (*See* Dkt. # 1.) Neither does Plaintiff explain the logical connection between its alleged third-party-beneficiary status and the tolling

6

statute or the requirement of mutual assent for an account-stated claim. The court will not construct Plaintiff's arguments for it—in this Circuit, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Meridia Prod. Liab. Litig. v. Abbott Laboratories*, 447 F.3d 861, 868 (6th Cir. 2006) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).[1]

In any event, the court is not persuaded that Plaintiff or DWSD is a third-party beneficiary to the settlement agreement. In defining third-party beneficiary status, the Michigan statute provides:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person.

Mich. Comp. Laws § 600.1405.

Under Michigan law, "[t]he primary goal in the construction or interpretation of any contract is to honor the intent of the parties." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 372 (6th Cir. 1998) (quoting *Rasheed v. Chrysler Corp.*, 445 Mich. 109 (1994)). "The Court 'must look for the intent of the parties in the words used in the instrument.'" *Id.* (quoting *Michigan Chandelier Co. v. Morse*, 297

---

[1] *Cf. United States v. Olano*, 507 U.S. 725, 733 (1993): "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *Olano*, 507 U.S. at 733 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

Mich. 41 (1941)). Therefore, "[u]sing an objective standard, a court is to determine 'from the form and meaning of the contract itself, whether the promisor undertook to give or to do or to refrain from doing something directly to or for the person claiming third-party beneficiary status.'" *Osprey-Troy Officentre L.L.C. v. World Alliance Financial Corp.*, 822 F.Supp.2d 700, 706 (E.D. Mich. 2011) (Cook Jr., J.) (quoting *Schmalfeldt v. North Pointe Ins. Co.*, 469 Mich. 422 (2003)).

> Section 13.1 of the settlement agreement states as follows:
>
> Other than as set forth in the releases and and discharges In (sic) Section 1.0, nothing in this SETTLEMENT AGREEMENT, express or implied, is intended to or shall be construed to confer upon or give to any person or entity other than the Parties hereto, and any of their successors and permitted assigns, any rights, remedies or other benefits  under or by reason of this SETTLEMENT AGREEMENT. Other than as set forth in the releases and discharges in Section 1.0, there are no third party beneficiaries of this SETTLEMENT AGREEMENT.

(Dkt. # 13-4, Pg. ID 130.) Neither Plaintiff nor DWSD appear in Section 1.0 or elsewhere in the settlement agreement. Accordingly, the court concludes that Plaintiff is not a third-party beneficiary.

Defendants have provided affidavits and exhibits demonstrating that the invoices at issue here were presented for payment more than six years before Plaintiff filed its complaint, based upon underlying services rendered even earlier. To survive summary judgment, Plaintiff must produce actual evidence to show that some material issue remains for trial, *see Horton*, 369 F.3d at 909, but Plaintiff has not done so. The court concludes that Plaintiff's contract claims are time-barred.

Plaintiff declines to address Defendants' arguments regarding its conversion, *quantum meruit*, and implied contract claims—counts III-V. The conversion claim is similarly barred by the corresponding three-year statute of limitations, Mich. Comp.

Laws § 600.5805(10). Plaintiff's equitable claims are no timelier than its contract claims. *See Future Now Enterprises, Inc. v. Foster*, 860 F. Supp.2d 420, 431 (E.D. Mich. 2012), *aff'd*, in relevant part, 525 Fed. Appx. 395, 400 (6th Cir. 2013). Accordingly, the court will grant summary judgment as to these claims as well.

## IV.  CONCLUSION

IT IS ORDERED that Defendants' motion for summary judgment (Dkt. # 9) is GRANTED. A separate judgment shall issue.

                                                  s/Robert H. Cleland                          /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  February 28, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2017, by electronic and/or ordinary mail.

                                                  s/Shawna C. Burns                          /
                                                  Case Manager Generalist
                                                  (810) 984-2056